151 T.C. No. 2

UNITED STATES TAX COURT

YA GLOBAL INVESTMENTS, LP f.k.a. CORNELL CAPITAL PARTNERS, LP, YORKVILLE ADVISORS, GP LLC, TAX MATTERS PARTNER, AND YA GLOBAL INVESTMENTS, LP f.k.a. CORNELL CAPITAL PARTNERS, LP, YORKVILLE ADVISORS, LLC, TAX MATTERS PARTNER, Petitioner <u>v.</u> COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14546-15.          Filed August 8, 2018.

R issued FPAAs with respect to Y, a partnership. R determined that Y was liable for withholding taxes under I.R.C. sec. 1446 and made adjustments in the FPAAs to reflect the withholding tax liabilities as well as related additions to tax and penalties.

Y's tax matters partner (TMP) filed a petition for readjustment of partnership items under I.R.C. sec. 6226(a). Y's TMP also filed a motion to dismiss for lack of jurisdiction as to nonpartnership items. In that motion the TMP argues that the issue of liability under I.R.C. sec. 1446 should be dismissed for lack of jurisdiction because that liability is not a partnership item and thus is beyond our jurisdiction under I.R.C. sec. 6226(f).

        <u>Held</u>:  Under I.R.C. sec. 1461 any party required to withhold tax under ch. 3 of the Internal Revenue Code is liable for the tax required to be withheld.

        <u>Held</u>, <u>further</u>, I.R.C. sec. 1446 imposes a tax withholding requirement on partnerships with respect to effectively connected taxable income allocated to foreign partners, giving rise to a partnership liability.

        <u>Held</u>, <u>further</u>, under I.R.C. sec. 6226(f) the Tax Court has jurisdiction to determine partnership items including partnership liabilities.

        <u>Held</u>, <u>further</u>, a partnership's liability for withholding tax under I.R.C. sec. 1446 is a partnership item and properly before the Court in a partnership-level proceeding.

        <u>Held</u>, <u>further</u>, the motion to dismiss for lack of jurisdiction as to nonpartnership items will be denied.

<u>Henry C. Cheng</u>, <u>Ellis L. Reemer</u>, and <u>Tamara L. Shepard</u>, for petitioners.

<u>Gretchen A. Kindel</u>, <u>Robert T. Bennett</u>, <u>Mary Helen Weber</u>, and <u>Charles E. Buxbaum</u>, for respondent.


OPINION


BUCH, <u>Judge</u>:  This case comes before the Court on a motion to dismiss for lack of jurisdiction filed by the tax matters partner (TMP) for YA Global Investments, LP (YA Global).  In its motion, the TMP argues that withholding tax

under section 1446[1] is not a partnership item and as a result the adjustments in the notices of final partnership administrative adjustment (FPAA) relating to withholding tax liability under section 1446 must be dismissed for lack of subject matter jurisdiction. The Commissioner argues that withholding tax liability under section 1446 is a partnership item and that YA Global is a party to the proceeding. We find that withholding tax liability under section 1446 is a partnership item and as such is properly before the Court in this partnership-level proceeding.

## Background

YA Global is a partnership for U.S. Federal income tax purposes. YA Global reports that it is an investor and is not engaged in an active U.S. trade or business. It is based in the Cayman Islands, and its general partner and TMP, Yorkville, is based in New Jersey.[2] YA Global has both foreign and domestic partners and was subject to the unified partnership audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648, during the years in issue.

---

[1]All section references are to the Internal Revenue Code (Code) in effect at all relevant times.

[2]In 2006 its general partner and TMP was Yorkville Advisors, LLC. In 2007 through 2010 its general partner and TMP was Yorkville Advisors GP, LLC. For purposes of this Opinion, we refer to these entities singularly as Yorkville.

YA Global filed a Form 1065, U.S. Return of Partnership Income, for each of the years in issue, 2006 through 2010. For each year YA Global reported its income as portfolio income from interest, qualified dividends, ordinary dividends, short-term capital gain, long-term capital gain, and other income.

In March of 2015 the Commissioner issued a separate FPAA for each year, 2006 through 2010, to YA Global's TMP. The Commissioner contends that YA Global was a dealer in securities under section 475. In the FPAAs the Commissioner determined that YA Global was engaged in a U.S. trade or business and that all of its income was ordinary income that was effectively connected with the U.S. trade or business. As a result, YA Global was required to "withhold on effectively connected taxable income allocable to its foreign partners under I.R.C. § 1446." For 2006 through 2009 the Commissioner determined that YA Global was liable for taxes that were required to be withheld under section 1446 and related additions to tax and penalties. The Commissioner issued an FPAA with no adjustments for 2010.

In addition to the FPAAs for 2006 through 2010, the Commissioner issued a notice of deficiency for 2006 through 2009, determining that YA Global was required to withhold taxes under section 1446. On the basis of that determination, the Commissioner further determined that YA Global was liable for the tax under

section 1446, failure to file and failure to pay additions to tax under section 6651(a), and failure to make estimated tax payments additions to tax under sections 6655 and 1446(f)(2).

YA Global's TMP filed a petition for readjustment of the partnership items for 2006 through 2010, and YA Global filed a petition for redetermination of the deficiencies. YA Global and its TMP each filed motions to dismiss for lack of jurisdiction.

In the motion to dismiss for lack of jurisdiction in this partnership-level proceeding, Yorkville argues that withholding tax liability under section 1446 is not a partnership item. From this the TMP further argues that the liabilities under section 1446 and all of the related additions to tax and penalties are not properly before the Court in this partnership-level proceeding. The TMP also argues that, because it is the partners who are the parties to a TEFRA proceeding rather than the partnership, the partnership's liabilities cannot be determined in the proceeding.

In the motion to dismiss for lack of jurisdiction as to the deficiency redetermination, YA Global argues that the liability under section 1446 is dependent on partner-level determinations and cannot be addressed until after a partnership-level proceeding is completed. Specifically it argues that the Court

must determine in a partnership-level proceeding whether YA Global had taxable income that was effectively connected with a U.S. trade or business that could give rise to liability under section 1446. YA Global further argues that any notice of deficiency determining liability under section 1446 must await the outcome of the partnership-level proceeding.

The Commissioner argues that liability under section 1446 is a partnership item. His principal argument is that liability under section 1446 fits within the statutory definition of a partnership item under section 6231(a)(3). He also argues that liability under section 1446 is more appropriately determined at the partnership level than at the partner level, further suggesting that it is a partnership item.

These two proceedings have moved forward in tandem, and both proceedings with their respective motions to dismiss are before the Court. The question in this proceeding is whether the liability under section 1446 and the related penalties are properly before the Court in this partnership-level proceeding.

## Discussion

Ordinarily, it is the partners and not the partnership that are subject to tax. Sec. 701. Certain tax issues can be resolved at the partnership level and remain the same regardless of particular partners' circumstances, while other issues can be

addressed only at the partner level. To ensure that all partners receive the same treatment with respect to the common issues and to reduce duplication of administrative and judicial efforts, Congress created the partnership-level audit and litigation procedures under TEFRA. Domulewicz v. Commissioner, 129 T.C. 11, 17 (2007), aff'd in part, remanded in part sub nom. Desmet v. Commissioner, 581 F.3d 297 (6th Cir. 2009).

While partnerships are not generally subject to income tax, they are required to file annual information returns with the Commissioner. Sec. 6031. When the Commissioner disagrees with what is reported on those returns, he can issue an FPAA which makes adjustments to those items. Sec. 6223(a), (d)(2). If certain partners disagree with those adjustments, they can petition the Tax Court for readjustment of partnership items for the taxable year identified in the FPAA. Sec. 6226(a) and (b).

The Tax Court is a court of limited jurisdiction. Sec. 7442. The Tax Court is granted jurisdiction to determine partnership items and make partnership-level determinations as to penalties. Sec. 6226(a)(1), (f). Section 6226(f) limits the scope of review in a partnership-level proceeding to "all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the

partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item."

A partnership item is defined in section 6231(a)(3) as "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level."  The question before the Court is whether liability under section 1446 is a partnership item.

Under section 1446 a partnership must withhold tax on any foreign partner's share of effectively connected taxable income.  Section 1446 is one of a handful of provisions that explicitly place a withholding burden on a partnership.  See, e.g., sec. 1445(e).  Section 1461 provides that "[e]very person required to deduct and withhold any tax under * * * [chapter 3] is hereby made liable for such tax".  Section 1446 is in chapter 3 of the Code.  Together these two sections make a partnership liable for the tax required to be withheld on foreign partners' shares of effectively connected taxable income.

Section 1446 is also in subtitle A.  Because the tax imposed by section 1446 is found in subtitle A, it is among the items that may be partnership items if the Secretary determines by regulation that the tax is more appropriately determined at

the partnership level.  Sec. 6231(a)(3).  But the Secretary has not promulgated any such regulation.  Thus, at first blush, it might appear that the tax imposed by section 1446 is not treated as a partnership item.  But our inquiry does not end there.

The tax imposed by section 1446 is brought within the scope of partnership items because that tax is a partnership liability.  "Partnership liabilities" are included within the scope of the definition of partnership items.  Sec. 301.6231(a)(3)-1(a)(1)(v), Proced. & Admin. Regs.  Because section 1461 makes the partnership liable for any tax required to be withheld under section 1446, any tax required to be withheld under section 1446 is a partnership liability.  And the regulations are clear that partnership liabilities are partnership items.

Most penalties cannot be partnership items.  Penalties are generally found in subtitle F, and to be a partnership item, an item must be in subtitle A.  But Congress expanded the scope of partnership-level proceedings to include "any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item".  Sec. 6221.  And insofar as this Court's jurisdiction is concerned, section 6226(f) explicitly includes determining any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item within

the scope of our judicial review. Consequently, the penalties included in the FPAAs are properly before the Court in this partnership-level proceeding.

YA Global's TMP argues that YA Global is not a party to the proceeding for readjustment. As a result, it argues that we cannot determine liability under section 1446 and the related penalties of an entity that is not a party to the proceeding. We conclude that we need not address this issue. We are explicitly granted jurisdiction to make findings with respect to partnership liabilities and do so in partnership-level proceedings routinely. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(v), Proced. & Admin. Regs.; see, e.g., Hambrose Leasing 1984-5 Ltd. P'ship v. Commissioner, 99 T.C. 298 (1992); Great Plains Gasification Assocs. v. Commissioner, T.C. Memo. 2006-276.

## Conclusion

A liability stemming from duty to withhold under section 1446 is a partnership liability and therefore properly before the Court in a partnership-level proceeding, as are penalties relating to the partnership-item adjustment. The motion to dismiss for lack of jurisdiction as to nonpartnership items will be denied.

An appropriate order will be issued.